UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES MATLOCK,     Plaintiff,

v.     Civil Action No. 3:23-cv-637-DJH-CHL

LOUISVILLE-JEFFERSON COUNTY
METRO GOVERNMENT et al.,     Defendants.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Charles Matlock sued Louisville-Jefferson County Metro Government (Metro), as well as Louisville Metro Department of Corrections (LMDC) Director Jerry Collins and various LMDC correctional officers in their official and individual capacities (collectively the LMDC Defendants), alleging violations of his constitutional rights and Kentucky law while he was a pretrial detainee in LMDC custody. (Docket No. 1; *see* D.N. 7 (amended complaint))  The defendants move for partial dismissal, arguing that Matlock's state-law claim against Metro and his official-capacity claims against the LMDC Defendants should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (D.N. 9)  After careful consideration, the Court will grant the motion to dismiss for the reasons set forth below.

**I.**

The Court "take[s] the facts only from the complaint, accepting them as true as [it] must do in reviewing a Rule 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)).  In March 2023, Matlock was a pretrial detainee incarcerated at LMDC. (D.N. 7, PageID.50 ¶ 1)  Matlock was assigned to Dorm 3 within the

---

[1] Metro's motion to file a third-party complaint (D.N. 24) will be addressed by separate order.

general population, which was significantly overcrowded. (*Id.*, PageID.53 ¶¶ 12, 14) Another inmate housed in Dorm 3, Kenya Manson, was "being held on charges that included assault and terroristic threatening," and he "was known to be a violent inmate, having assaulted other inmates at least twice within the LMDC facility in the two months prior." (*Id.*, PageID.54 ¶¶ 15–17) Despite its awareness that Manson posed a danger to other inmates, LMDC housed Manson with the general population, instead of housing designated for inmates with violent or dangerous tendencies. (*Id.* ¶¶ 18–19)

At approximately 8:40 p.m. on March 25, 2023, Manson attacked Matlock "without apparent provocation," resulting in multiple facial fractures, including around Matlock's eyes, and an epidural hematoma requiring a craniotomy, which left Matlock permanently cognitively impaired. (*Id.*, PageID.55 ¶ 22) Despite constant video surveillance of Dorm 3 (*see id.*, PageID.56 ¶ 25), LMDC officers "did not respond to the assault until approximately 11:45 PM . . . when other inmates in the dorm held the injured and bleeding [Matlock] up to the dorm door and repeatedly kicked and knocked to attract the attention of officers." (*Id.* ¶ 26) Matlock was then taken to the University of Louisville Hospital's Emergency Department, "where he underwent a tracheostomy and neurosurgery, along with surgery to address the fractures to his face." (*Id.*, PageID.57–58 ¶ 29) Once his condition was stable, Matlock "was discharged to the care of LMDC with a long list of discharge instructions necessary to his health and recovery." (*Id.*, PageID.57 ¶ 29) Matlock was then released from custody to seek medical treatment on his own, leading to "delay and deterioration of his condition, causing additional mental and physical pain and suffering, and requiring treatment at his own expense." (*Id.* ¶¶ 30–31)

In his amended complaint, Matlock asserts violations of his state and federal rights across three counts: Count I is a federal claim brought under 42 U.S.C. § 1983, alleging Eighth and

Fourteenth Amendment violations by all Defendants; Count II alleges negligence and gross negligence by the LMDC Defendants under Kentucky law; and Count III asserts violation of Ky. Rev. Stat. § 441.045(3) by all Defendants.  (*Id.*, PageID.58–59 ¶¶ 36–42)  Metro moves for dismissal of Count III on the basis of sovereign immunity.  (D.N. 9; *see* D.N. 9-1, PageID.85–86)  The LMDC Defendants move to dismiss Matlock's official-capacity claims on the ground that those claims are duplicative of the claims asserted against Metro.  (D.N. 9; *see* D.N. 9-1, PageID.85)  The Court addresses each argument below.

## II.

### A.    State-Law Claim Against Metro

In Count III, Matlock asserts a state-law cause of action against all Defendants (*see* D.N. 7, PageID.59 ¶¶ 39–40) under Ky. Rev. Stat. § 441.045(3), which states that "the cost of providing necessary medical, dental, and psychological care for indigent prisoners in the jail shall be paid from the jail budget."  Matlock alleges that the defendants released him from custody to avoid paying for his medical treatment and that this was part of a larger policy or practice designed to avoid their obligations under § 441.045(3).  (D.N. 7, PageID.57 ¶¶ 30, 32)  Metro contends that it is entitled to sovereign immunity on this claim.  (D.N. 9-1, PageID.85–86)  In response, Matlock argues that Metro "is not entitled to rely on sovereign immunity to avoid obligations resulting from a statute such as [§] 441.045(3)."  (D.N. 11, PageID.99)

"Unlike federal courts, Kentucky courts recognize that 'a county government is cloaked with sovereign immunity.'"  *Scherzinger v. Bolton*, No. 3:11-CV-11-H, 2013 WL 3166163, at *13 (W.D. Ky. June 20, 2013) (citing *Schwindel v. Meade Cnty.*, 113 S.W.3d 159, 163 (Ky. 2003)). "While Louisville Metro is not a county, it is a consolidated local government[,] [a]nd the Kentucky General Assembly has granted to consolidated local governments 'the same sovereign

3

immunity granted [to] counties.'" *Thieneman v. Smith*, No. 3:17-CV-292-DJH, 2018 WL 1522357, at *4 (W.D. Ky. Mar. 28, 2018) (quoting Ky. Rev. Stat. § 67C.101(2)(e)). Thus, Metro "enjoy[s] the benefits and protection of governmental immunity except where it has been explicitly waived by the [Kentucky] legislature." *Shepherd v. Floyd Cnty.*, 128 F. Supp. 3d 976, 978 (E.D. Ky. 2015) (second alteration in original) (quoting *Furtula v. Univ. of Ky.*, 438 S.W.3d 303, 305 & n.1 (Ky. 2014)). Section 441.045(3) does not waive sovereign immunity. *Id.* (citing *Jewish Hosp. Healthcare Servs., Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 270 S.W.3d 904, 907 (Ky. Ct. App. 2008)).

Notwithstanding this authority, Matlock maintains that his state-law claim against Metro can proceed based on an unpublished Kentucky Supreme Court case, *Hospital of Louisa v. Johnson County Fiscal Court*, No. 2009-SC-000280-DG, 2011 WL 1103054 (Ky. Mar. 24, 2011). (D.N. 11, PageID.100) In *Hospital of Louisa*, the Kentucky Supreme Court found that the county was responsible for the plaintiff's medical expenses after he was twice released on bond for the sole purpose of obtaining medical treatment. *See* 2011 WL 1103054 at *1, 5. The parties in *Hospital of Louisa* did not raise—and the majority opinion did not address—whether the defendant was entitled to sovereign immunity. *See id.* at *6 (Venters, J., dissenting). From this absence of discussion, Matlock concludes that the majority "implicitly rejected" the Kentucky Court of Appeals' earlier published decision in *Jewish Hospital*, 270 S.W.3d at 907, that sovereign immunity is not waived under § 441.045(3). (D.N. 11, PageID.103) But even assuming that Matlock's reading is correct, *Jewish Hospital* remains the controlling Kentucky case on this issue. *See* Ky. R. App. P. 41(A) (providing that unpublished Kentucky Supreme Court or Court of Appeals opinions may only be cited and relied on if "there is no published opinion of the Supreme Court *or the Court of Appeals* that would adequately address the point of law argued by the party"

4

(emphasis added)); *see also Griffin v. Reznick*, 609 F. Supp. 2d 695, 703 (W.D. Mich. 2008) ("A federal court must accord the same precedential value to a state-court decision as it would be accorded by that state's courts." (citations omitted)).  Metro is thus entitled to sovereign immunity as to Matlock's claim under § 441.045(3).[2]  *See Jewish Hospital*, 270 S.W.3d at 907.

B.  **Official-Capacity Claims Against LMDC Defendants**

Matlock asserts claims against the LMDC Defendants in their individual and official capacities.  (D.N. 7, PageID.58–59 ¶¶ 36–38)  The LMDC Defendants maintain that Matlock's official-capacity claims against them are "merely claims against [Metro]" and should therefore be dismissed as duplicative.  (D.N. 9-1, PageID.85)  In response, Matlock argues that "[f]ederal courts are not required to dismiss 'official capacity' claims when the employing government entity is also named" and that such dismissal commonly occurs later, at the summary-judgment stage.  (D.N. 11, PageID.98 (citing *Thorpe ex rel. D.T. v. Breathitt Cty. Bd. of Educ.*, 932 F. Supp. 2d 799 (E.D. Ky. 2013)))

"Although it is true that the Sixth Circuit has not given a definitive rule on whether official[-]capacity claims must be dismissed in these situations, '[i]n the Eastern and Western Districts of Kentucky . . . the judges have adopted the practical approach of dismissing the official[-]capacity claims.'"  *Scott v. Louisville/Jefferson Cnty. Metro Gov't*, 503 F. Supp. 3d 532, 541 (W.D. Ky. 2020) (quoting *Baar v. Jefferson Cnty. Bd. of Educ.*, 686 F. Supp. 2d 699, 704 (W.D. Ky. 2010)); *see French v. Hester*, 585 F. Supp. 3d 974, 987 (E.D. Ky. 2022); *see also Horn v. City of Covington*, No. 14-73-DLB-CJS, 2015 WL 4042154 at *3 (E.D. Ky. July 1, 2015).  Therefore, because Metro is named as a defendant in this matter and official-capacity claims

---

[2] In light of this conclusion, the Court need not, and does not, consider the materials outside the pleadings that Metro seeks to introduce.  (*See* D.N. 12, PageID.110–12; *see also* D.N. 12-1)

5

against "individual . . . officers are 'redundant' and 'superfluous'" when the governmental entity is also named, Matlock's official-capacity claims against the LMDC Defendants will be dismissed. *Epperson v. City of Humboldt*, 140 F. Supp. 3d 676, 683 (W.D. Tenn. 2015) (citing *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014)); *see Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013) (finding dismissal of official-capacity claims against individual agent of entity proper where entity was also a named defendant in § 1983 suit).

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendants' partial motion to dismiss Matlock's Amended Complaint (D.N. 9) is **GRANTED**. Matlock's claim against Metro pursuant to Ky. Rev. Stat. § 441.045(3) and official-capacity claims against the LMDC Defendants are **DISMISSED**.

March 30, 2025

David J. Hale, Judge
United States District Court